IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MATOS-PEGUERO, | |
| Petitioner, | |
| v. | Case No. 3:23-CV-1801-NJR |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Jose Matos-Peguero on May 30, 2023. (Doc. 1). On December 1, 2021, the undersigned sentenced Matos-Peguero to 46 months of imprisonment after he pleaded guilty to conspiracy to distribute controlled substances: methamphetamine, cocaine, and marijuana. *See United States v. Matos-Peguero*, Case No. 18-CR-30110-6, at Docs. 252, 255. Because Matos-Peguero committed the offense while serving a term of probation, two points were added to his criminal history score. *Id.* at Doc. 243 (citing U.S.S.G. § 4A1.1(d)). In his § 2255 petition, Matos-Peguero argues he is no longer subject to that two-point enhancement after the U.S. Sentencing Commission removed U.S.S.G. § 4A1.1(d) from the guidelines and made the change retroactive. (*Id.*).

The matter is now before the Court for preliminary review. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

After reviewing Matos-Peguero's § 2255 motion (Doc. 1), it is plainly apparent that he is not entitled to relief. On April 5, 2023, the U.S. Sentencing Commission voted to promulgate amendments to the sentencing guidelines, including an amendment to § 4A1.1(d), and it made those amendments available to the public. The amendments were sent to Congress on April 27, 2023. If Congress does not affirmatively disapprove of the amendments, they will become effective on **November 1, 2023**. Thus, without expressing any opinion as to whether the amendments are applicable to Matos-Peguero, the Court finds that his § 2255 motion is premature, and he is not entitled to relief at this time.

For these reasons, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Jose Matos-Peguero (Doc. 1) is **DISMISSED**.

### CERTIFICATE OF APPEALABILITY

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final order averse to the applicant." Rule 11(a). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the applicant "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or

wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons set forth above, the Court has determined that the movant has not stated any grounds for relief under § 2255, and reasonable jurists would not find that conclusion debatable or wrong. Thus, the movant has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

If Movant wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Movant chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Movant files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Movant will only be allowed to proceed on his appeal if he obtains a certificate of appealability. Here, the undersigned District Judge has already declined to issue a certificate of appealability. Thus, Movant must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Movant cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Movant plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Movant wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P.

4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion showing excusable neglect or good cause.

    **IT IS SO ORDERED.**

    **DATED:  June 1, 2023**

                                                                         _____
                                                                         **NANCY J. ROSENSTENGEL**
                                                                         **Chief U.S. District Judge**